BETTE J. SHEARER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shearer v. Commissioner
Docket No. 1211-83.
United States Tax Court
T.C. Memo 1986-443; 1986 Tax Ct. Memo LEXIS 173; 52 T.C.M. (CCH) 497; T.C.M. (RIA) 86443; September 15, 1986. Bette J. Shearer, pro se. Jonathan J. Ono, for the respondent. SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: Respondent determined deficiencies in and additions to petitioner's income taxes as follows: Additions to Tax
Year
Deficiency
Section 6653(b) [1]
Section 6654
1980
$8,708.24
$4,354.12
$173.45
1981
8,438.00
4,219.00
573.04
*174 At the conclusion of the trial in this case, we granted respondent's motion for summary judgment as to the deficiencies in tax and the additions to tax under section 6654. Thus, only two issues remain for decision: (1) whether petitioner is liable for the addition to tax under section 6653(b) for fraud; and (2) whether petitioner is liable for damages under section 6673. Petitioner resided in Las Vegas, Nevada at the time the petition in this case was filed. During the years 1978 through 1981, she was employed as a manager by Safeway Stores. ("Safeway"). She filed income tax returns for 1978 and 1979, but not for 1980 and 1981, even though she received wages, and Forms W-2 reflecting such wages, from Safeway of $32,695.99 in 1980 and $32,340.03 in 1981. During 1981, petitioner filed with Safeway two W-4 forms on which she falsely claimed she was exempt from income tax withholding. In her reply to respondent's answer, petitioner asserted *175 that she is not liable for income tax because her wages are a "source, not an income" and are not taxable under section 61. She also claimed that the United States Tax Court is unconstitutional and that the Federal monetary system is invalid. Before trial, she refused to stipulate to facts which are not reasonably deniable, and at trial, she refused to present any proof, to be placed under oath, or to be questioned by the Court or by respondent's counsel. In addition, she left the courtroom upon being asked by the Court whether she was recording the proceedings. Additions to Tax Under Section 6653(b)
Respondent determined that petitioner is liable for the addition to tax for fraud as provided by section 6653(b). On this issue he has the burden of proving by clear and convincing evidence that there was some underpayment in each year and that part of the underpayment was due to fraud. Section 7454(a); Rule 142(b). The burden with respect to fraud is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. , *176 cert. denied ; , affg. a Memorandum of this Court; . The presence or absence of fraud is a question of fact to be determined from the entire record. , affd. without published opinion . Fraud is never presumed but must be established by affirmative evidence. . It may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may be examined in order to determine whether the fraudulent intent is present. ; . Petitioner's conduct in this case leads to the inescapable conclusion that her sole objective and intent was to evade the payment of taxes which she knew to be owing. She failed to file income tax returns in 1980 and 1981 *177 even though she knew that she was required to file such returns, as evidenced by her filing of returns in 1978 and 1979. In addition, she filed false W-4 forms with her employer with the obvious intention of preventing the withholding of any income tax from her wages. Last, petitioner failed to cooperate in any way with the preparation of this case for trial, and her conduct at the trial was disrespectful, disruptive and totally unreasonable. We conclude, therefore, that respondent has shown by clear and convincing evidence that petitioner's underpayments for 1980 and 1981 were due to fraud. Damages Under Section 6673
We turn now to respondent's request that damages be imposed against petitioner under section 6673, which provides that damages may be awarded to the United States whenever it appears that a proceeding before this Court has been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. In , we imposed damages against a taxpayer who had made the same frivolous and groundless arguments as those presented by petitioner *178 in this case. We also made it clear that tax protester arguments of this nature are needlessly burdensome on the entire court system and will no longer be tolerated by us. While we are normally reluctant to impose section 6673 damages in fraud cases, the record in this case establishes that petitioner has had no interest in disputing either the underlying deficiencies or the additions to tax determined by respondent. While petitioner has every right to challenge respondent's assertion of fraud, her course of conduct does not convince us that she intended to do anything more than delay the payment of the tax. Therefore, in this case damages in the amount of $5,000 are awarded to the United States under section 6673. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, during the years in issue unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure unless otherwise provided.↩